Wyly J.,
dissenting. The defendants resist this demand of the city of New Orleans on an account of $764 20 for levee dues, on the ground *416 mentioned in tlie statement of facts upon which the case was submitted in the court below. And it is as follows: “ The defendants resist the payment by virtue of a joint resolution of the General Assembly of the State of Louisiana, approved March 6, 1869;” * * * which they claim exempts them from the payment of all levee and wharf dues to the city of New Orleans.
The plaintiff contends that this joint resolution is repugnant to article 114 of the constitution, and is therefore void.
The title is, “A Joint Resolution in relation to the New Orleans, Mobile and Chattanooga Railroad Company, a corporation of the State of Alabama.” The statute provides: “That there shall be and is hereby granted to the New Orleans, Mobile and Chattanooga Railroad Company, a corporation of the State of Alabama, the right to inclose and occupy for its purposes and uses, in such manner as the directors of said company may determine, that portion of the levee batture and wharf of the city of New Orleans, between the street laid out between Pilie street and the Mississippi river, and from Calliope street to the lower line (about three hundred and fifty-five feet below Calliope street) of the batture rights owned by said company, and no steamship or other vessel shall occupy or lie at said wharf, or receive or discharge cargo thereat, except by and with the consent of said company; and all steamships or vessels discharging or receiving cargo at said wharf of said company, or any steamships or other vessels using said wharf by and with the consent of said company, and not receiving or discharging cargo at, or occupying any other wharf in the city of New Orleans, shall be exempt from the payment of all levee and wharf dues to the city of New Orleans; said wharf shall be maintained and kept in repair by said company. That all laws and parts of laws, and all ordinances and parts of ordinances conflicting with the provisions of this joint resolution are hereby repealed, so far as they affect the provisions of this joint resolution.”
There is nothing in the title of the law indicating the object to exempt any ships or other vessels landing at the port of New Orleans from the payment of levee and wharfage dues. In the title no hint or clue is given showing the object of the law to confer any advantage on the defendants over any other persons, in regard to exemption from paying levee dues. Nor does it disclose the purpose of allowing the defendants to inclose and have the exclusive right to occupy a part of the levee and wharf of the city of New Orleans.
I think the exemption claimed should not be allowed, because the law granting it is repugnant to article 114 of the constitution and is void. I therefore dissent in this case.